| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>CHAD E. ALLEN,<br><br>        Defendant. | UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br><br><br><br>19 CR 833-02 (SHS) |

## CHAD E. ALLEN
## SENTENCING MEMORANDUM

 

Jason E. Foy (JF5839)
Eric J. Sarraga (ES6095)
FOY & SEPLOWITZ LLC
105 Main Street
Hackensack, New Jersey 07601
(201) 457-0071

Attorneys for Chad E. Allen

Dated: August 16, 2022

# PRELIMINARY STATEMENT

This memorandum is respectfully submitted on behalf of the defendant, Chad E. Allen (hereinafter "Mr. Allen"), who is scheduled to be sentenced on September 6, 2022. The objective of this memorandum is to provide background information about Mr. Allen to assist the Court in formulating a sentence that is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a).

On November 19, 2019, Mr. Allen was charged under Indictment 19 CR 833 (SHS) with Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349 and 2326 (Count One). On November 20, 2019, Mr. Allen was arrested and released on bond.

On February 3, 2022, Mr. Allen pled guilty to Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349 and 2326. The maximum term of imprisonment is 30 years. The guilty plea was entered pursuant to a plea agreement with the Government. The parties agreed that Mr. Allen's stipulated advisory sentencing guidelines range is 63 to 78 months imprisonment based on an offense level of 24 and criminal history category of III. Additionally, Mr. Allen agreed to make restitution in an amount ordered by the Court. Pursuant to the plea agreement, the parties agreed that either party may seek a sentence outside of the stipulated advisory guidelines range based upon the factors in 18 U.S.C. § 3553(a).

The US Department of Probation filed a Pre-Sentence Investigation Report ("PSR") which recommends a sentence of 36 months imprisonment, pursuant to a variance, based on an offense level of 24 and criminal history category of II. Probation

recommends that this sentence be followed by a 3-year term of supervised release.

Based upon the information articulated in the PSR filed by the United States Department of Probation and the information contained herein, Mr. Allen requests that this Court impose a non-guideline sentence through a variance pursuant to the Court's authority under *United States v. Booker*, 534 U.S. 220 (2005) and 18 U.S.C. § 3553(a). Specifically, the defense is recommending a sentence not to exceed a year and a day of imprisonment, followed by 2 years supervised release. The proposed sentence is sufficient, but not greater than necessary, to comply with goals of the advisory sentencing guidelines and the factors set forth in 18 U.S.C. § 3553(a).

## **SENTENCING RECOMMENDATION**

In the wake of *United States v. Booker*, 543 U.S. 220 (2005), the Second Circuit, in *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), set forth guidance for the imposition of a sentence against a criminal defendant. The Honorable Judge Newman explained that district courts should now engage in a three-step sentencing procedure in light of *Booker*. First, the court must determine the applicable Guidelines range. Second, the court should consider whether a departure from the Guidelines range is appropriate. *Id.* at 112. Third, the court must consider the Guidelines range, "along with all of the factors listed in section 3553(a)" and determine the sentence to be imposed. *Id.* at 113.

18 U.S.C. § 3553(a) provides that a sentencing court shall impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes set forth in

paragraph (2) of this subsection. The Court, in determining the particular sentence in Mr. Allen's case should consider the following:

1. The nature and circumstances of the offense and the history and characteristics of the defendant;
2. The need for the sentence imposed to:
    a. Reflect the seriousness of the offense, promote respect for the law and provide just punishment;
    b. Provide adequate deterrence;
    c. Protect the public from further crimes of the defendant;
    d. Effectively provide the defendant with any necessary educational or vocational training or medical care or other correctional treatment;
3. The kinds of sentences available;
4. The kinds of sentence and the sentencing range established;
5. Any pertinent policy statement;
6. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7. The need to provide restitution to any victims of the offense.

Additionally, 18 U.S.C. § 3661 provides that "no limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court may receive and consider for the purpose of imposing an appropriate sentence." The sentencing analysis pursuant to 18 U.S.C. § 3553(a)

employs broader considerations than the advisory guidelines by considering the interplay between the background and experiences of the individual offender. The statute places an emphasis on the individualized circumstances relevant to the sentencing of an offender and therefore, is more appropriate for the issues present in this case.

Once the applicable guideline range has been determined, the sentencing court should "consider" it along with all the factors listed in § 3553(a). However, no circuit court has given specific guidance as to what weight should be given to the advisory guideline range or the factors enumerated under § 3553(a). It has been left to the court's discretion to determine what is reasonable under the circumstances of each case. More simply put, the sentencing judge is entitled to find all the facts appropriate for determining either a guideline sentence or a non-guideline sentence.

Ultimately, 18 U.S.C. § 3553(a) instructs the sentencing court to impose a sentence which is sufficient, but not greater than necessary, to meet the sentencing objectives of Congress. In the instant case, the congressional objectives of punishment, deterrence, rehabilitation, promoting respect for the law, and protecting the public from future crimes of the offender are satisfied by imposing a sentence that does not exceed a year and a day of imprisonment followed by a term of 2 years supervised release. Based on the careful balancing of the sentencing objectives set forth in all the factors of 18 U.S.C. § 3553(a), this sentence is sufficient, but not greater than necessary.

## Nature and Circumstance of the Offense and the History and Characteristics of Mr. Allen

**A. Nature and Circumstances of the Offense**

From 2012 to November 2019, Mr. Allen worked in the telemarketing industry under multiple companies in various roles. During this period, Mr. Allen and his co-conspirators engaged in a conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and 2326, in connection to their telemarketing.

Specifically, Mr. Allen worked with other telemarketers to defraud individuals by selling business opportunities in exchange for investments under the false pretenses that their initial investments would earn them more money in the future. Mr. Allen also exchanged lists of leads, or potential victims, with telemarketers from New York and other states to supply sales floors in Arizona. He purchased and sold leads with the understanding that they would be used to defraud the individuals out of their money. These leads were sold fake business opportunities or grants and then offered additional services, like the formation of LLCs or tax services. Mr. Allen intentionally conspired with one or more of his co-defendants to falsely represent that these services would help the individuals make money, but in reality, they were sold to defraud the victims and for the sole purpose of his own economic gain and unjust enrichment.

Mr. Allen acknowledges the impact that his conduct has caused the victims and takes full responsibility for his actions over an extended period of time. Mr. Allen lacked judgement and failed to appreciate the short- and long-term consequences of his

actions because of his own personal struggles. Mr. Allen has been confronted with serious adversity in his life, such as the substance abuse issues that led to his prior legal problems, homelessness, depression, and anxiety. He unwisely used the fraudulent telemarketing scheme as a method to fulfill his financial responsibilities.

Mr. Allen accepts full responsibility for his conduct and agrees that his personal struggles in no way justifies his criminal conduct and its impact on the victims, many of who were senior citizens. Accordingly, Mr. Allen entered into a plea agreement with the government. As part of the plea agreement, Mr. Allen stipulated to the facts summarizing his conduct. Based on Mr. Allen's acceptance of responsibility and truthful admissions he received a three-level deduction in his sentencing guidelines calculation. U.S.S.G. § 3E1.1. Mr. Allen has also accepted responsibility in the State of Arizona in connection to their investigations and prosecution based on the same conduct at issue. In May 2022, Mr. Allen pled guilty in Arizona to unlawful telephone solicitation and as part of his sentence, has already paid back approximately $93,000 in restitution.

**B. History and Characteristics of Mr. Allen**

Attached hereto as Exhibit A is a Mitigation Report prepared by Dianna Nain-Bradley of Mitigation Support Services. The mitigation report provides substantial detail regarding Mr. Allen's upbringing, education, legal problems, substance abuse issues, resilience, and dedication to his family, through a verified account of his psycho-social history. Attached to the Mitigation Report are character letters from members of Mr. Allen's family and community attesting to his good character, perseverance,

dedication to his family and friends, and determination to live a law-abiding life.

Mr. Allen is 44 years old and was born in Winston, Oregon. Mr. Allen grew up with both of his parents in the household. His father, Melvin Curtis, is a retired licensed plumber and his mother, Sandra Kay Allen, used to work for the Arizona Department of Economic Security before retiring. Mr. Allen has one younger sibling, Matthew Wane Allen, who is 29 years old.

Mr. Allen was raised in Oregon before he and his family moved to Arizona when he was approximately 19 years old. During his childhood, his parents struggled with substance abuse, which led to financial difficulties and turmoil in the home. Since approximately 1993, his parents have been sober and continue to volunteer by helping substance users in the recovery process.

Mr. Allen developed an addiction to drugs and alcohol when he was 18 years old and remained dependent on substances until he was approximately 31 years old. His addiction led him to a dark place in his life that consisted of unemployment, depression, anxiety, homelessness, and legal problems. In 2003, Mr. Allen had his first and only biological child, Makayla Rose Allen, and due to his addiction, he faced significant difficulties caring for her. In 2009, Chad overcame his addiction through therapeutic intervention and has remained sober for the past 13 years. Despite overcoming his substance abuse addiction, his old lifestyle created many stressors and financial hardships that caused him to engage in this fraudulent telemarketing scheme.

Since 2012, Mr. Allen has been married to his wife, Tamara Lynn Allen, who has

also overcome her own battles with substances and currently owns and operates a residential rehabilitation center, called Solutions of Sobriety. Mr. Allen has two stepchildren, Cassie and Corey, who each have two children. This Fall, Makalya will be attending her first semester at the University of Arizona. Mr. Allen is a loving and dedicated father and grandfather. He continues to be a positive influence and role model to his family members and the individuals who make up his strong support system in his community. Despite his mistakes in the past, his family and friends remain supportive of him.

Mr. Allen is currently employed as a case manager at a residential substance abuse center, called A Path of Resilience. He also works as a maintenance supervisor for a property management company, Rental Wizards. Additionally, Mr. Allen is a dedicated volunteer and regularly performs community service, which has included charitable donations, feeding the homeless, and helping the less fortunate. For the past 11 years, he has been a sponsor and inspiration to many people in the recovery process.

Since his arrest, he has maintained consistent employment. He has not reoffended and has complied with the terms and conditions of his pretrial release. In May 2022, he began voluntarily participating in psychotherapy sessions to address his past trauma, anxiety, depression, and receive mental health support. He meets with therapist Douglas Withrow at Psychological Counseling Services in Scottsdale, Arizona on a weekly basis.

Based on these offender characteristics, a sentence that does not exceed a year and a day of imprisonment is sufficient, but not greater than necessary, and would give

Mr. Allen the appropriate opportunity to redeem himself.

<h1 style="text-align:center">Need For the Sentence Imposed to:</h1>

**A. Reflect the Seriousness of the Offense, Promote Respect for the Law and Provide Just Punishment**

While wire fraud is a serious offense, a respect from the law and just punishment is achieved through Mr. Allen's recommended sentence. A term of incarceration longer than a year and a day is not required to satisfy the objectives of sentencing in this matter. Instead, a longer sentence would negatively affect Mr. Allen's ability to remain employed, pay restitution, and continue receiving treatment. The consequences of Mr. Allen's actions and his post arrest conduct demonstrate his respect for the law. Mr. Allen was arrested on November 20, 2019 and released with conditions set by pre-trial services. For approximately 32 months he has complied with all conditions without any violations of conditions. He has not committed additional criminal acts since his release and has made significant efforts to understand why he engaged in the conduct for which he pled guilty. Since his arrest he has made progress toward redemption

**B. Provide Adequate Deterrence to Criminal Conduct**

Mr. Allen has a great opportunity to redeem himself in the eyes of the law and his family. This experience of being arrested and being prosecuted federally has been a traumatic experience for him and his family. Based on his post arrest conduct and dedication to live as a law-abiding citizen and productive member of his community, a sentence that does not exceed a year and a day of imprisonment would adequately

deter him from further criminal conduct. Despite his prior contacts with the criminal justice system, this is the longest period of incarceration he has faced. The treatment he is receiving and continued introspection has helped him understand what led to his actions and deter any future conduct. The recommended sentence in conjunction with continued treatment and any additional conditions the court finds appropriate will effectively provide adequate deterrence against future criminal conduct.

**C. Protect the Public From Further Crimes of the Defendant**

Mr. Allen does not pose a threat to the public and is an ideal candidate for a sentence below the recommended guideline sentence through a variance. This is a non-violent, financial offense. Since his arrest, Mr. Allen has not engaged in any forms of telemarketing and no longer has contact with any of his co-defendants. He has been under the supervision of Pre-Trial Services for over 32 months and has complied with the terms and conditions imposed as part of his pretrial release without complications. Mr. Allen remains consistently employed and has demonstrated through his actions that he has moved on from any criminal conduct.

### The Need to Avoid Unwarranted Sentencing Disparities and Provide Restitution to Any victims of the Offense

Mr. Allen was charged with multiple co-defendants for engaging in a conspiracy to commit wire fraud in connection to telemarketing. There was also a related case under Docket Number 17 CR 243 (SHS) where multiple defendants were charged with related and very similar conduct. As noted by the US Department of Probation in the PSR, "all of the co-defendants who have been sentenced, to date, and all of the co-

11

conspirators who have been sentenced, to date, received a variance below their respective guideline ranges of imprisonment or were otherwise sentenced below their respective guideline ranges of imprisonment." Additionally, as a condition of his sentence, Mr. Allen will have to pay back a substantial amount of restitution to the victims. The recommended sentence would avoid any sentencing disparity and allow Mr. Allen the opportunity to work towards making the victims whole and therefore, is sufficient, but not greater than necessary, to comply with the factors set forth in 18 U.S.C. § 3553(a).

## CONCLUSION

Based on the foregoing, Mr. Allen requests that the Court impose a non-guideline sentence pursuant to a variance and impose a sentence not to exceed a year and a day of imprisonment followed by a 2-year term of supervised release. Mr. Allen submits that this sentence is appropriate and consistent with the purpose of 18 U.S.C. § 3553. Mr. Allen also seeks a recommendation from the Court to the Federal Bureau of Prisons that he be able to serve his sentence in a facility as close to Arizona as possible to facilitate visits from his family and requests he be permitted to surrender at his designated correctional facility in 45 days.

Dated: August 16, 2022        *Jason E. Foy*

---
**JASON E. FOY (JF5839)**
**Lead Attorney for Defendant**

*Eric J. Sarraga*

---
**ERIC J. SARRAGA (ES6095)**
**Associate Counsel for Defendant**

cc:   AUSA Sebastian Swett
      AUSA Kiersten A. Fletcher
      AUSA Robert B. Sobelman
      Mr. Chad Allen